### THE JUNEAU.

(District Court, E. D. Louisiana. February 27, 1926.)

No. 16150.

1. **Seamen ⊂⊃20—Seaman held entitled to wages while ill in hospital, where voyage had not ended when he left hospital.**

Under general maritime law, seaman becoming sick while in service of ship is entitled to wages as long as voyage continues, and seaman was therefore entitled to wages while ill in hospital, where voyage had not ended when he left hospital.

2. **Seamen ⊂⊃25.**

Release signed by seaman is prima facie defense to libel for wages.

3. **Seamen ⊂⊃25—Seaman's release of wages held of no force, where ship's answer admitted, and master testified, that he was paid no wages while sick in hospital.**

On libel for seaman's wages while in hospital, seaman's release *held* of no force, where ship's answer admitted, and master testified, that he was paid no wages during such period.

In Admiralty. Libel by Churchill Robinson against the steamship Juneau. Decree for libelant.

W. J. & H. W. Waguespack, of New Orleans, La., for libelant.

Terriberry, Rice & Young, of New Orleans, La., opposed.

HALE, District Judge. This is a libel brought to recover 22 days' wages at the rate of $95 per month, namely, $69.76, which the ship still owes, and which it refuses to pay. Libel alleges that the libelant was in the service of the ship from the 17th day of September, 1919, to December 13, 1919, when he was discharged; that before his contract terminated he became ill, and was confined in the United States Marine Hospital at New Orleans, where he remained for 22 days.

The answer admits the contract, and that during its life, and during the course of the voyage for which the libelant had signed, he became ill and remained in the United States Marine Hospital for a period of 22 days. The answer also admits that for the 22 days the libelant was in the Marine Hospital he was paid no wages. The answer pleads as justification for holding the wages that the shipping commissioner ruled that the libelant was not entitled to these wages, and also pleads that libelant signed a full release to the ship for his wages.

[1] In The Osceola, 23 S. Ct. 483, 189 U. S. 158, 169, 47 L. Ed. 760, Mr. Justice Brown, in speaking for the Supreme Court, has shown that the law giving wages to a seaman falling sick while in the service of the ship is founded on general maritime law. Such wages must be given "as long as the voyage continues."

In the case before me the libelant was, I think, entitled to his wages for the time he was in the hospital, and it is admitted that the voyage had not ended when Robinson left the United States Marine Hospital.

[2, 3] The case shows that the libelant signed a release for his wages. This may be taken as a "prima facie" defense; there being no testimony offered by the libelant, I was at first inclined to hold that libelant had not made out his case. The testimony of the master of the ship has since been brought to my attention. He testifies as follows:

"Q. At the time that Robinson was finally paid off and received his discharge from the vessel, what deduction, if any, did you make—how many days? A. Twenty-two days, for the time he was in the hospital.

"Q. So that, on the basis of continual employment, there would be a balance due him of $69.67; is that correct? A. A balance due him of $69 and so many cents; there would be the 22 days that the commissioner had ruled he was not entitled to be paid, while in the hospital.

"Q. I repeat that, on the basis of continual employment from September 17 to December 13, there would be a balance due him of $69.67; is that correct? A. Yes, sir."

In view of the admission of the answer that the libelant was paid no wages while he was in the hospital, and the testimony of the captain, I am of the opinion that the release signed by the libelant should be held to be of no force: I think the libelant has, by the pleadings and proofs, brought before the court enough to sustain the libel.

A decree may be drawn in favor of the libelant for $69.67 but without interest. Libelant has his costs.